IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,966-01






EX PARTE TIMOTHY EDWARD SHAFFER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F40654 IN THE 249TH DISTRICT COURT


FROM JOHNSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault and two counts of indecency with a child and was sentenced to
imprisonment for three terms of sixty years and two terms of ten years. The Fourteenth Court of
Appeals affirmed his convictions. Shaffer v. State, No. 14-09-00336-CR (Tex. App.-Houston [14th
Dist.] May 25, 2010, no pet.). 

 Applicant contends, among other things, that the Johnson County District Attorney's Office
breached a plea agreement made in Tarrant County. Under the terms of this agreement, Applicant
says he was to be sentenced to twenty years in the Johnson County causes. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
representatives from the District Attorney's Offices in Tarrant and Johnson Counties to state whether
the Johnson County District Attorney's Office was a party to the plea agreement reached in Tarrant
County. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether the Johnson County District
Attorney's Office was a party to the plea agreement reached in Tarrant County. If the trial court finds
that it was a party, the trial court shall also make findings as to what the terms of the agreement were
and whether Applicant or the Johnson County District Attorney's Office breached the agreement.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 8, 2012

Do not publish